PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MR. PRINCE MUHAMMAD,

    Petitioner,

  -v-

PHILIP GRIFFIN,

    Respondent.

15-CV-6750CJS
ORDER

---

MR. PRINCE MUHAMMAD,

    Petitioner,

  -v-

PHILIP GRIFFIN,

    Respondent.[1]

16-CV-6124CJS
ORDER

---

## INTRODUCTION

Petitioner, Prince Muhammad, also known as Richard McCrary, currently detained at the Rochester Psychiatric Center ("RPC"), brought these two above-captioned *pro se* proceedings as petitions for writs of habeas corpus under 28 U.S.C. § 2254.[2] The first proceeding, 16-CV-6750CJS ("First Petition"), was brought in this Court initially inasmuch as Petitioner was (and still is) at the time of filing committed at RPC. The second-above captioned proceeding, 16-CV-6124CJS ("Second Petition), was brought initially in the

---

[1] The Docket Sheets in both these actions include "Richard McCrary" as a respondent because the Petitions seem to indicate that Richard McCrary is a respondent. Richard McCrary is, however, another name of the Petitioner. Accordingly, the Clerk of the Court is directed to amend the official captions of these two actions as reflected herein.

[2] The Second Petition, 16-CV-6124CJS, was putatively brought by Petitioner as a petition under 28 U.S.C. § 2241, but the Southern District of New York (Preska, C.J.) recharacterized the petition as one brought under 28 U.S.C. § 2254.

Southern District of New York inasmuch as Petitioner was committed at the Kirby Foresnic Psychiatric Center ("Kirby") at the time of its filing. The Second Petition was later transferred to this Court upon the filing of an Amended Petition and Petitioner's commitment at RPC. (Second Petition, Docket No. 10, Amended Petition; Docket No. 11, Transfer Order.)

Both Petitions, while utterly confusing and at times, wholly illogical and delusional, appear to challenge Petitioner's current confinement at RPC and his former commitment at Kirby and other facilities pursuant to a second or subsequent commitment order entered pursuant to New York Criminal Procedure Law ("CPL") § 330.20(9). Both Petitions allege that back in "1979" Petitioner accepted a plea pursuant to CPL § 330.20--Not Responsibly by Reason of Mental Disease of Defect--and that his "devil" attorney had advised him that if he took the plea he would be released in "6 months to a year and then go home." (First Petition, Docket No. 1, at ¶ 2, at p.1; Second Petition, Docket No. 10, Amended Petition, ¶ 12(b)(4), at p. 3.)[3] Petitioner has been committed since that time.[4] The allegations raised in both Petitions are, in all pertinent respects, the same.

Because it appears that both Petitions are challenging Petitioner's current commitment pursuant to a second or subsequent commitment order under CPL § 330.20(9), and because the Amended Petition in the Second Petition is more informative, albeit minimally so, than the Petition in the First Petition, the Court will direct that the First Petition be administratively terminated and closed without prejudice and the Court will

---

[3] Docket and page references are to the Court's Case Management and Electronic Filing (CM-ECF) System.

[4] As noted in Chief Judge Preska's "Order to Amend" in the Second Petition, there is some question regarding the timing of Petitioner's plea and commitment pursuant to CPL § 330.20. The First Petition alleges that he took a plea in 1979, whereas the Second Petition alleges that he was committed in 1979 and has "been locked up since '94." Based on prior filings in other cases, Judge Preska assumed the plea occurred in 1994. (Second Petition, Docket No. 9, Order to Amend, at p. 2, n.2) (internal quotations and citations omitted).)

proceed to address the Second Petition only. *Cf. Grullon v. Ashcroft*, 374 F.3d 137 (2d Cir. 2004) (Treat subsequently filed petition as a motion to amend an earlier filed petition).[5]

Petitioner also has filed recently three other actions in this Court, *Muhammad v. New York State, et al.*, 16-CV-6005CJS, *Muhammad v. New York State, et al.*, 16-CV-6030CJS, and *Muhammad v. Sullivan, et al.*, 16-CV-6127CJS. These three actions, while again alleging the circumstances of his plea under CPL § 330.20, appear to raise claims under 42 U.S.C. § 1983 related to the conditions of his confinement at Kirby over a number of years and more recently at RPC. These actions will be dealt with separately.

## DISCUSSION

### A. Amended Petition

As noted, Petitioner's allegations are, at best, confusing and, at times, delusional and illogical. Chief Judge Preska's Order to Amend succinctly describes Petitioner's CPL § 330.20 plea and his allegations herein. (Second Petition, Docket No. 9, Order to Amend, at 2-4.) Petitioner claims that he took a CPL § 330.20 plea when his attorney informed him that he would do six months to a year and go home. He has, however, pursuant to second and subsequent commitment orders remained involuntarily committed. See CPL § 330.20(9). The Amended Petition alleges that Petitioner

> [D]idn't know that the 330.20 plea was a (1) day to life sentence. The devils that was my lawyers [sic] told me I would do 6 months to a year and go home after that if I take the 330.20 plea. I was jumped an[d] beat[en] up in all 3 so-called hospital[s]. Kirby gave me diabetes an[d] glaucoma, an[d] the diabetes is gonna kill me before I get out of here. . . .[6]

---

[5] Because the First Petition is being closed administratively and not being dismissed on the merits it is not a "first" petition for purposes of the "second" or "successive" rule set forth in 28 U.S.C. § 2244(b). *See Carmona v. United States*, 390 F.3d 200, 202 (2d Cir.2004) (a petition "will be regarded as second or successive if a previous habeas petition filed by the [petitioner] challenged the same conviction or sentence and was adjudicated on the merits or dismissed with prejudice").

[6] To the extent Petitioner's allegations related to the conditions of confinement and sought damages, Chief Judge Preska noted that a petitioner cannot obtain damages in a habeas corpus action, and because Petitioner's request for damages related to his confinement was being addressed in his other actions pending in the Southern District of New York,

3

(Second Petition, Docket No. 10, Amended Petition, ¶ 13, at pp. 11-12, "Grounds").

Chief Judge Preska's Order to Amend had directed Petitioner to file an amended petition and to provide the following information, "to the best of his ability": (1) details regarding the commitment order he was challenging, such as the date of the order and the court that issued it, (2) what steps he had taken to exhaust his available state judicial remedies fully, and (3) the grounds for habeas relief. (Second Petition, Docket No. 9, Order to Amend, at p. 6.) Construing the Amended Petition liberally as required, see Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), the Court finds that Petitioner has failed to address adequately each of three issues he was directed to address.

### 1. Commitment Order Being Challenged

Pursuant to CPL § 330.20, where a person has been adjudged not responsible for a criminal offense by reason of a mental "disease or defect," he may be committed to a hospital by a court order. The trial court must conduct a hearing following an adjudication under § 330.20 and classify the person as either "Track One," "Track Two" or Track Three." If the person is classified as a Track One "acquittee"--"dangerous mental disorder," id., §330.20(1)(c)--, the initial commitment order committing the acquitee to the custody of Commissioner of Mental Health for confinement to a secure facility for treatment is for a period of six (6) months. Id., § 330.20(6), and definitions (1)(f). After the initial commitment or recommitment of an acquitee to a secure facility, § 330.20 requires a series of periodic reviews to determine the current mental condition of the acquitee. The first review occurs after six months, a second review occurs one year after the first review and reviews thereafter are conducted once every two years. Id., § 330.20(9), and definitions (1)(g), (h), (i) and (j). Each review is begun by the filing of an application of the Commissioner 30 days

---

*Muhammad v. Maduekwe, et al.*, No. 13-CV-6026 (CM); *Muhammad v. New York City*, No. 15-CV-5603 (LTS) (JCF), Judge Preska declined to recharacterize the habeas petition as a civil action for damages under 42 U.S.C. § 1983. (Second Petition, Docket No. 9, Order to Amend, at p.3, n.2.)

prior to the expiration of the current commitment order. An application may request continued commitment or release. A hearing on the application is not required unless ordered by the court *sua sponte* or requested by one of the parties. If the acquitee is dissatisfied by a retention or recommitment order he may demand a review and rehearing within 30 days, *id.* § 330.20(16), or take an appeal to an intermediate appellate court by permission of the intermediate appellate court, or, if he has obtained a rehearing and review, he may take an appeal from the order, not otherwise appealable as of right, issued in accordance with sections 9.35 or 15.35 of the New York Mental Hygiene Law. If the acquitee takes an appeal from the retention or recommitment order he may not subsequently obtain a rehearing or review of the order. *Id.*, §330.20(21). *See generally* Preiser, Practice Commentaries (2006), McKinney's Consol. Laws of N.Y., Criminal Procedure Law, § 330.20 (McKinney's 2013).

      Chief Judge Preska noted that the initial petition did not provide any information about the underlying commitment order being challenged, such as the date of the order or the state court that issued the order. Petitioner was directed to provide this information in the Amended Petition. The Amended Petition was filed on a Form "Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus" and, while Petitioner ambiguously indicates that he did file a direct appeal from the § 330.20 plea and argued that he was lied to about the plea, he states he does not know when he filed that appeal. The Amended Petition goes on to argue, albeit inconsistently, that Petitioner was "railroaded" by the "bunch of devils" to take the plea and he "always planned to appeal the 330.20 plea[,] I was just waiting [for] the right time an[d] get the right papers. I'm still going pro se because the courts don't want to give me a pro bono lawyer." (Second Petition, Docket No. 10, Amended Petition, ¶ 12(d).)

Neither the Amended Petition nor the "complaint" from some other unidentified action that Petitioner attached to the Amended Petition, provide any information regarding the commitment order he is challenging in this habeas proceeding.

2. Exhaustion

Chief Judge Preska's Order to Amend sets forth the requirement that before a petition for a writ of habeas corpus can be granted, a petitioner must exhaust all available state court remedies. (Second Petition, Docket No. 9, Order to Amend, at p.4) (citing 28 U.S.C. § 2254(b)); *Rose v. Lundy*, 455 U.S. 509, 510 (1982)). She also noted that this exhaustion requirement applies equally to "insanity acquitees" under CPL § 330.20. (*Id.* (quoting *Francis v. Stone*, 995 F.Supp. 368, 377 (S.D.N.Y. 1998), *aff'd* 221 F.3d 100 (2d Cir. 2000) (citing *Sheridan v. Wack*, 1993 WL 78018 (S.D.N.Y. Mar. 16, 1993)). Exhaustion requires a petitioner to first fairly present his constitutional claims to the state courts pursuant to the state's established review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999).

As addressed above and in Chief Judge Preska's Order to Amend, CPL § 330.20 provides for an appellate review process to New York's intermediate appellate court--New York Supreme Court, Appellate Division. Upon review by the Appellate Division, a petitioner should then seek leave to appeal to the New York Court of Appeals. (Second Petition, Docket No. 9, Order to Amend, at 5 (citing *Bagley v. Lavallee*, 332 F.2d 890, 892 (2d Cir. 1964).)

The Amended Petition does not provide any information demonstrating that Petitioner exhausted his state court remedies. He references at different points in the Amended Petition what appears to be a direct appeal from the CPL § 330.20 plea (Docket No. 10, ¶¶ 10-12, 13, 15-16), but Petitioner does not indicate in any way that he sought review of whatever commitment order is at issue herein under the procedures set forth in §

330.20(21). Accordingly, Petition has not established that he has exhausted his state remedies in relation to his most recent commitment order. See, e.g., Aparicio v. Artuz, 269 F.3d 78, 89 (2d Cir.2001) (Petitioner bears burden of establishing that he has fully exhausted his state court remedies.)

### 3. Grounds for Relief

Petitioner was advised that his Amended Petition, in addition to setting forth information regarding what commitment order he was challenging and the steps he had taken to exhaust his state remedies, must conform with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 2(c) requires the petition to "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." It must also state the relief requested. The Amended Petition fails to set forth the grounds for relief and the facts supporting each ground in a manner that would allow the Court and respondent to adequately address and respond to the Amended Petition. It is a convoluted mess and other than alleging he was forced to take a plea under CPL § 330.20 by his "devil" attorneys, the petition does not, in any, way set forth the grounds for relief and the facts supporting each ground.

## CONCLUSION

For the foregoing reasons, the Clerk of the Court is directed to administratively close the First Petition without prejudice and the Amended Petition in the Second Petition is dismissed without prejudice.[7] Petitioner was provided the opportunity to amend the Petition

---

[7] Section 2254(b)(2) provides that an unexhausted petition (or claim therein) can be dismissed if it is "plainly meritless" or "patently frivolous". See, e.g., Rhines v. Weber, 544 U.S. 269, 277 (2005) (If unexhausted claims are "plainly meritless" the district court may dismiss such claims on the merits.); Williams v. Artus, 691 F.Supp.2d 515, 526 (S.D.N.Y. 2010) ("If the unexhausted claims are 'plainly meritless,' the district court can dismiss these claims on the merits.") (citation omitted)). While the Amended Petition, and the prior Petitions in these two proceedings, appear frivolous on their face, the Court, in an abundance of caution and in the interests of justice, finds that dismissal without prejudice is the better course of action herein because the true nature of petitioner's claims in relation to the commitment order he may be challenging herein is not clear to the Court. A dismissal with prejudice could waive potentially any claims Petitioner may have in relation to the commitment order he may be challenging herein. A dismissal without prejudice enables

7

and to adequately address the glaring omissions from his initial petition: what commitment order he was challenging, what steps he had taken to exhaust fully his state judicial remedies and the grounds for relief and the facts supporting each ground for relief. He has failed to adequately address each of those omissions and, accordingly, the Amended Petition in the Second Petition is dismissed without prejudice.

In addition, because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the Court concludes that petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and accordingly the Court denies a certificate of appealability.

The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States*, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

IT IS HEREBY ORDERED that the Clerk of the Court is directed to administratively close *Muhammad v. Griffin*, 16-CV-6750CJS, without prejudice;

---

Petitioner to attempt to file a new petition seeking habes relief under 28 U.S.C. § 2254. Petitioner is advised however that any new petition must include, at the least, the information set forth above that Petitioner failed to address in his Amended Petition. Petitioner is also advised, however, that the Court will not tolerate the filing of any repetitive, frivolous or vexatious actions and that the filing of such actions may lead to the imposition of any appropriate sanctions, including an injunction barring any future filings.

8

FURTHER, that the Amended Petition in *Muhammad v. Griffin*, 16-CV-6124CJS, is dismissed without prejudice;

FURTHER, that this Order shall be docketed in both of the above-captioned proceedings;

FURTHER, that a certificate of appealability is denied; and

FURTHER, that leave to appeal as a poor person is denied.

SO ORDERED.

/s/ Charles Siragusa
Charles J. Siragusa
United States District Judge

DATED: APR. 4, 2016
Rochester, NY